UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK JACKSON KENNEDY, | No. 2:14-cv-0510 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| P. D. BRAZELTON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Petitioner is serving a sentence of 25 years to life following his conviction in 2010 in Sacramento County Superior Court on three counts: carjacking plus assault with a firearm; assault with a firearm; and second degree robbery while personally discharging a firearm. Petition at 1. Petitioner challenges his conviction/sentence on four grounds: (1) ineffective assistance of trial counsel for failing to investigate and present a witness regarding third party culpability; (2) prosecutorial misconduct/failure to disclose exculpatory evidence; (3) prosecutorial misconduct by presenting and failing to correct false testimony; (4) trial court error by excluding the

1

1   defense's third party culpability evidence. Id. at 5-10. Petitioner makes clear that grounds 1, 2
2   and 3 have not been exhausted. Id. at 12.
3         The exhaustion of state court remedies is a prerequisite to the granting of a petition for
4   writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived
5   explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may
6   not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the
7   highest state court with a full and fair opportunity to consider all claims before presenting them to
8   the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
9   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).
10        Petitioner's options are to (1) voluntarily dismiss his unexhausted claims 1 through 3 and
11  proceed on the exhausted claim 4 only, or (2) to seek a stay of the instant action pending
12  exhaustion of the unexhausted claims.
13        If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and
14  unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct.
15  1528 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a
16  mixed federal petition should be available only in the limited circumstance that good cause is
17  shown for a failure to have first exhausted the claims in state court, that the claim or claims at
18  issue potentially have merit, and that there has been no indication that petitioner has been
19  intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.
20        Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to
21  King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir.
22  2003)). Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any
23  unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted
24  petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted
25  claims; and (3) the petitioner later amends his federal petition to reincorporate the newly
26  exhausted claims. Kelly, 315 F.3d at 1070 71. The Kelly stay-and-abeyance procedure has no

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  requirement of a good cause showing or that the claims are potentially meritorious. However,
2  using the Kelly procedure means that any newly-exhausted claims later added to the federal
3  petition by amendment must relate back to the claims in the stayed petition; in other words, "the
4  Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted
5  claims from untimeliness in the interim." King v. Ryan, supra, 564 F.3d at 1141.
6      Petitioner must file a notice within twenty-eight days stating how he wishes to proceed. If
7  petitioner wishes to proceed on an exhausted-claims-only petition without a stay, he is cautioned
8  that any future attempt to amend the petition to add newly-exhausted claims might face
9  challenges based on timeliness, the limitations applicable to second or successive petitions, and/or
10 other procedural hurdles, depending on the circumstances. If petitioner wants to stay this case
11 while exhausting claims 1 through 3 in state court, he must specify whether he seeks a stay under
12 Rhines or under Kelly. If he wishes to proceed in this court on a mixed petition, he must file a
13 motion for a stay addressing the Rhines factors, showing good cause for his failure to have first
14 exhausted claims 1 through 3 in state court, that each of these claims potentially have merit, and
15 that there is no evidence he has been intentionally dilatory in pursuing the litigation. In the
16 alternative, petitioner may request a Kelly stay as outlined in King v.Ryan, supra. As previously
17 noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then
18 re-presented to this court.
19     Accordingly, IT IS HEREBY ORDERED that:
20     1. Petitioner's motion to proceed in forma pauperis is granted;
21     2. Within twenty-eight days petitioner shall file a notice addressing how he wishes to
22 proceed as to his unexhausted claims;
23     3. If plaintiff seeks a stay, he shall within twenty-eight days file a motion for a stay in
24 accordance with this order.
25 DATED: February 21, 2014

                                                      */s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE