UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANK JACKSON KENNEDY, | No. 2:14-cv-00510 GEB AC P |
| Petitioner, | |
| v. | ORDER |
| P.D. BRAZELTON, | |
| Respondent. | |

Petitioner, a state prisoner who is proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also pending before the court is petitioner's motion for an order staying the petition pending the exhaustion of his state court remedies. See ECF No. 6. While respondent has filed an opposition to the stay as well as a motion to dismiss the unexhausted claims, it is not clear to the court whether petitioner seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)).[1]  Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under Rhines, 544 U.S. at

---

[1] Kelly was overruled in part on another ground by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). Its stay and abeyance procedure remains available. See King, 564 at 139 & n.4.

1

277-78, a federal petition containing both exhausted and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.  Under <u>Kelly</u>, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims.  <u>King v. Ryan</u>, 564 F.3d at 1135 (citing <u>Kelly</u>, 315 F.3d at 1070-71).

Under <u>Kelly</u>, any unexhausted claims must be deleted from the federal petition prior to entry of the stay.  Once the additional claims have been exhausted, the petitioner may then amend his petition to restore them *if they are not time-barred*.  <u>Id.</u> at 1135, 1140-41.  A <u>Kelly</u> stay does not require a showing of good cause, merit or diligence, as required by <u>Rhines</u>, but creates the possibility that the federal statute of limitations may expire during the exhaustion process and bar federal review of the newly-exhausted claims.  The court may deny a request for stay under <u>Kelly</u> if the new claims would clearly be barred by the federal statute of limitations upon exhaustion. <u>Id.</u> at 1141.

It is also unclear to the court what steps, if any, petitioner has taken to exhaust his claims in state court since filing his motion for a stay on March 21, 2014.  Such information is necessary if petitioner is seeking a stay under <u>Rhines</u> in order to determine whether petitioner has been diligent in litigating his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the filing date of this order, petitioner shall file a response clarifying whether he seeks a stay pursuant to <u>Rhines</u> or <u>Kelly</u>; and,

2. Petitioner shall also provide information to the court concerning any efforts he has taken to exhaust his claims in state court by: 1) providing a copy of any pending state habeas corpus petition plus proof of filing in the designated state court; and, 2) any order from the California Supreme Court concerning an application for state habeas corpus relief.

DATED: June 5, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2